IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEATH E. NORRIS, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV59 |
| | ) | |
| v. | ) | |
| | ) | |
| THE NEBRASKA SUPREME COURT, and NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES' DIRECTOR SCOTT R. FRAKES, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |

Petitioner has filed a pleading styled "PETITION PURSUANT TO 28 U.S.C. § 2201 FOR DECLARATORY JUDGMENTS, AND PURSUANT TO 28 U.S.C. § 2254 FOR HABEAS CORPUS RELIEF." It is 131 pages long. By separate motion, he also seeks "class certification."

This matter is before me for initial review. As we shall see, this is an odd case.

**First**, up to this point, this action has been treated solely as one brought pursuant to [28 U.S.C. § 2254](). Indeed, before the case was transferred to me, Petitioner's application to proceed in forma pauperis was granted and the $5.00 filing fee waived. As the reader will see, this question may need to be revisited because if this action is not properly a habeas corpus action Petitioner will be responsible for the entire filing fee of $350 (payable in installments) pursuant to [28 U.S.C. § 1915(b)](). Petitioner is herewith advised of that potentiality. At this point, however, Petitioner need not address that issue and I will not impose an additional fee without giving Petitioner notice and an opportunity to be heard.

**Second**, Petitioner summarizes his very long pleading at the beginning of it:

COMES NOW, Heath E. Norris, et al. (800+ State prisoners serving mandatory minimum sentences), the entitled Petitioners, presenting prose, and hereby petitions this Court for declaratory judgments, whereby: first, the Nebraska Supreme Court's decision in *Johnson v. Kenney*, 654 N.W.2d 191 (Neb. 2002), and its progeny, is declared a totally unsupportable construction of the State's prison good-time statute which leads to invasions of constitutional due process, because the statutory interpretation principal of "in pari materia" was misapplied so that the express separation of governmental powers in Nebraska's Constitution was circumvented and the state-created right to the application of prison good-time credit toward all maximum State terms of confinement made to exclude sentences imposed pursuant to the State's unrelated mandatory minimum criminal sentencing statutes thereby causing the state-created right to be deprived without due process ("[A) totally unsupportable construction which leads to an invasion of constitutional due process is a federal matter." *Mullaney v. Wilbur*, 421 U.S. 684, 689 (1975).), and second, the Nebraska Department of Correctional Services' deprivations without due process of the state-created right to prison good-time are violations of *Wolff v . McDonnell*, 418 U.S. 539 (1974), and petitions this Court for habeas corpus relief from the declared unconstitutional deprivations of the state-created right to prison good-time.

There are many questions raised by Petitioner's expansive pleading. For example, a plea for declaratory judgment does not vest this court with jurisdiction all by itself. There must be an independent jurisdictional hook for declaratory relief.[1] Assuming there is federal question jurisdiction, can we have *one action* that seeks both a declaratory judgment under 28 U.S.C. § 2201 (declaratory judgment) and 28 U.S.C. § 1331 (federal question) plus relief under § 2254? In this vein, does Petitioner claim that (a) if his "good time" is restored is he *now* eligible for release or (b) if "good time" is calculated properly, in the *future* he will be released at an earlier date? If this is truly a habeas

---

[1]"Federal courts may entertain claims for declaratory relief under 28 U.S.C. § 2201, <u>so long as they raise a federal question</u>. *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir.1992)." *Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 847 (8th Cir. 2003) (emphasis added). Arguably, Petitioner has raised a federal question under the Constitution.

action, must Petitioner exhaust his remedies and, if so, has he done so? In short, how should this matter be properly categorized and progressed?

And the band plays on. In this circumstance, discretion is the better part of valor. Accordingly, I will get the Nebraska Attorney General involved so that we may resolve this matter in an expeditious fashion.

**Third**, as for the motion to certify a class, I will deny it without prejudice to reassertion at a later date. At this point, however, the propriety of class certification is highly doubtful.

IT IS ORDERED that:

1. The Clerk of this Court is directed to mail copies of this Memorandum and Order and filing no. 1 to the Clerk of the Nebraska Supreme Court, Scott R. Frakes and the Nebraska Attorney General by regular first-class mail. The Clerk shall also mail a copy of this Memorandum and Order to Petitioner by regular first-class mail.

2. On behalf of Respondents, the Nebraska Attorney General shall answer or otherwise plead and submit a brief relating to such answer or other pleading on or before the close of business on Friday, April 15, 2016.

3. The Clerk of this Court shall set the following pro se case management deadline: "Check status April 18, 2016." Additionally, my chambers shall call this matter to my attention on April 18, 2016.

4. The Motion to Certify Class (filing no. 5) is denied without prejudice.

DATED this 4th day of March, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge