IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEATH E. NORRIS, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV59 |
| | ) | |
| v. | ) | |
| | ) | |
| THE NEBRASKA SUPREME COURT, and NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES' DIRECTOR SCOTT R. FRAKES, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |
| | ) | |

    Petitioner has filed a hybrid action under 28 U.S.C. § 2254 in which he seeks a declaratory judgment and release from prison because Nebraska officials consistent with the precedents of the Nebraska Supreme Court have "miscalculated" his sentences and his prison release time or parole eligibility dates. Essentially, he argues that Nebraska law is wrong to deny him "good time" for the five year portion of his sentence that was required as a statutory mandatory minimum.

    Respondents filed a persuasive brief (filing no. 12) and the state court records. (Filing no. 11.) Petitioner did not file a responsive brief within the allowed time. Instead, Petitioner filed a "Motion to Dismiss Habeas Corpus Action and Proceed With §1983 Action." (Filing no. 14.) But, Petitioner wanted to do so in this habeas case, and without the filing of a separate action.

    I denied the motion, but I gave Petitioner leave to dismiss this habeas action without prejudice and instead seek relief by filing a separate § 1983 action understanding that such an action would be subject to the payment requirements of 28 U.S.C. § 1915(b)(1)&(2). (Filing no. 15.) He was warned that the failure to file such

a motion would result in the undersigned proceeding "to resolve this habeas action in the normal course of things." (*Id.*) Petitioner did nothing, and therefore true to my promise I next proceed to resolve this habeas action in the normal course.

I now dismiss this action with prejudice. For among other reasons, I do so because:

*This action is procedurally barred because Petitioner has failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1); (Designation of State Records in Support of Respondent's Brief, Filing no. 11).

*Getting to the merits, Petitioner's habeas claims relate to the Nebraska Supreme Court's consistent rulings that "good time" reductions do not apply to mandatory minimums as a matter of Nebraska law. Thus, there has been no "miscalculation" (Due Process or Equal Protection violation) since the prison officials are simply following the opinions of the Nebraska Supreme Court. Thus, only matters of state law are at issue, and this court has no power to deal with such questions.

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for granting certificates of appealability (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds, are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and I have determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that this case is dismissed with prejudice. No certificate of appealability will be issued. A separate judgment will be entered.

July 14, 2016                    BY THE COURT:
                                      *s/ Richard G. Kopf*
                                      Senior United States District Judge